UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 33, filed on February 27, 2023)

## I.     INTRODUCTION

Presently before the Court is defendants' motion to dismiss plaintiff's first amended complaint. The Court finds that defendants' motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On February 18, 2022, plaintiff Jeffrey Samuels filed suit against the Federal Emergency Management Agency ("FEMA") and the U.S. Department of the Treasury ("Treasury") (collectively, "defendants"). Dkt. 1 ("Compl."). On September 19, 2022, plaintiff filed a first amended complaint against defendants. Dkt. 28 ("FAC"). Plaintiff alleges that he received approximately $19,215.01 from FEMA to repair his property damages from Hurricane Harvey in August 2017. Plaintiff alleges that FEMA sent a demand to recoup the funds in 2020, but that FEMA's actions are barred by the three-year statute of limitations under the Discovery Assistance Reform Act. Additionally, plaintiff alleges that FEMA referred collection of the alleged debt in 2022 to the Treasury, which has "begun wrongfully taking money from plaintiff's social security" disbursements. Plaintiff seeks declaratory and injunctive relief barring FEMA from collecting any money from plaintiff and for the Treasury to return "all money wrongfully taken." See generally id.

On February 27, 2023, defendants filed a motion to dismiss plaintiff's FAC for lack of subject matter jurisdiction and failure to state a claim. Dkt. 33 ("Mot."). On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

March 13, 2023, plaintiff filed an opposition. Dkt. 34 ("Opp."). On March 20, 2023, defendants filed a reply. Dkt. 35 ("Reply"). On March 27, plaintiff filed a surreply. Dkt. 36 ("Surreply").[1]

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Statutory framework for emergency relief provided by FEMA

The Robert T. Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act") provides statutory authority for the federal disaster response activities of FEMA. 42 U.S.C. § 5121 *et seq.* The Stafford Act provides that upon request from the governor of a state affected by a major disaster requiring federal assistance, the "President may declare under this chapter that a major disaster or emergency exists." Id. § 5170.

Consequently, "[i]n any major disaster, the President may":

(1) direct any Federal agency . . . to utilize its authorities and the resources granted to it under Federal law . . . in support of State and local assistance efforts . . . [and]

(4) assist State and local governments in the distribution of medicine, food, and other consumable supplies, and emergency assistance.

Id.

---

[1] Plaintiff filed this surreply without leave of the Court to do so. See L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Moreover, plaintiff's surreply largely advances arguments that were or could have been raised in prior filings. Nonetheless, the Court has read and considered plaintiff's surreply. But see Price v. Peerson, No. CV133390PSGJEMX, 2014 WL 12579823, at *4 (C.D. Cal. May 15, 2014), aff'd, 643 F. App'x 637 (9th Cir. 2016) ("[P]ro se attorneys . . . cannot claim the special consideration which the courts customarily grant to pro se parties.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

Section 408 of the Stafford Act authorizes FEMA to provide direct assistance to individuals and households in response to a major disaster or emergency declared by the president. See 42 U.S.C. § 5174. In relevant part, Section 408 establishes that the president "may provide financial or other assistance under this section to individuals and households to respond to the disaster-related housing needs of individuals and households who are displaced from their predisaster primary residences or whose predisaster primary residences are rendered uninhabitable." Id. § 5174(b)(1).

In accordance with this Section, FEMA has promulgated regulations establishing the criteria and eligibility for individual housing assistance. While "[i]n general, FEMA may provide assistance to individuals and households who qualify for such assistance," FEMA "may only provide" housing assistance "if the primary residence has been destroyed, is uninhabitable, or is inaccessible." 44 C.F.R. § 206.113(a). FEMA "may not provide" housing assistance "to individuals or households who are displaced from other than their pre-disaster primary residence . . . or who have adequate rent-free housing accommodations." Id. § 206.113(b).

44 C.F.R. § 206.116(b), "Recovery of Funds," establishes in relevant part that "[a]n applicant must return funds to FEMA . . . when FEMA . . . determines that the assistance was provided erroneously, that the applicant spent the funds inappropriately, or that the applicant obtained the assistance through fraudulent means."

Applicants for FEMA assistance "may appeal any determination of eligibility for assistance made" to individuals and households, and "may appeal . . . (1) eligibility for assistance, including recoupment." 44 C.F.R. § 206.115(a). Such appeal must be filed within 60 days after FEMA notifies the applicant of an award or denial of assistance. Id.

The Stafford Act provides a statute of limitations of 3 years for the recoupment of covered assistance: "unless there is evidence of civil or criminal fraud, the Agency may not take any action to recoup covered assistance from the recipient of such assistance if the receipt of such assistance occurred on a date that is more than 3 years before the date on which the Agency first provides to the recipient written notification of an intent to recoup." 42 U.S.C. § 5174a(b)(1).

While FEMA "may waive a debt owed to the United States related to covered assistance provided to an individual or household if" certain criteria are met, FEMA "may not waive a debt . . . if the debt involved fraud, the presentation of a false claim, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

misrepresentation by the debtor or any party having an interest in the claim." Id. § 5174a(a)(2).

Finally, Section 305 of the Stafford Act, entitled "Nonliability of the Federal Government" states that the federal government "shall not be liable" for any claim based on a federal agency's or employee's "exercise or performance of or the failure to exercise or perform a discretionary function or duty." 42 U.S.C. § 5148.

**B.     Plaintiff receives Hurricane Harvey emergency relief and FEMA attempts to recoup payment.**

In August 2017, Hurricane Harvey struck the state of Texas, damaging plaintiff's property at 4442 Cheena Drive, Houston, TX 77096. FAC, p. 5. Plaintiff applied for emergency relief from FEMA. On November 17, 2017, FEMA granted plaintiff approximately $19,215.01 in assistance. Id.

Later, FEMA could not verify plaintiff's occupancy of the property, which is required as a condition to grant assistance pursuant to 42 U.S.C. § 5174 and 44 C.F.R. § 206.113. Rather, FEMA's Fraud and Investigations Division conducted a review of plaintiff's disaster assistance application and discovered that numerous indicia reflect that plaintiff did not primarily reside at 4442 Cheena Drive in Houston. Dkt. 33-1 ("FEMA Case File") at 40–43. FEMA concluded its review in September 2020 and determined that plaintiff's application contained fraudulent representations. Id.

On October 23, 2020, FEMA initiated the recoupment process to recover the disaster assistance funds by notifying plaintiff that he did not appear to be eligible and accordingly owed FEMA the amount of the emergency relief. Id. at 26–27. FEMA's notification letter included the process by which plaintiff could appeal this determination.

On December 9, 2020, plaintiff filed an appeal via letter. Id. at 50–53. FEMA reviewed plaintiff's appeal and on December 16, 2020, it mailed plaintiff a letter affirming its previous decision. Id. at 28.

On March 22, 2021, FEMA mailed plaintiff a notification that the debt had become final and if it did not receive full payment within 30 days, it would begin collection action as required by law. Id. at 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

Because plaintiff did not pay the outstanding debt, FEMA transferred the unpaid debt to the Treasury on December 22, 2021. Id. at 113. Plaintiff alleges that in 2022, the Treasury began garnishing plaintiff's Social Security distributions. FAC at p. 6.

## III.   LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

While generally a "court should 'freely give leave [to amend] when justice so requires,' " leave to amend is "properly denied" where "amendment would be futile," Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). Amendment would be futile if the plaintiff cannot state a cognizable claim. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

## IV. DISCUSSION

### A. Lack of Subject Matter Jurisdiction Because FEMA Has Not Waived Its Sovereign Immunity

Where Congress has waived the United States' sovereign immunity, the "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text . . . and will not be implied." See Lane v. Peña, 518 U.S. 187, 192 (1996) (citations omitted). Any waiver of sovereign immunity must "be strictly construed, in terms of its scope, in favor of the sovereign." Id. Plaintiffs bringing suit against the United States bear the burden of establishing that a waiver of sovereign immunity encompasses their claims. See Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002).

Defendants argue that the Court lacks subject matter jurisdiction to hear this case because FEMA has not waived its sovereign immunity under the Stafford Act which authorizes and regulates the designation and disbursement of emergency relief assistance. Defendants argue that the Stafford Act contains no general waiver of sovereign immunity. Mot. at 10 (citing Johnson v. Fed. Emergency Mgmt. Agency, 207 US Dist. Lexis 39571 at *5 (E.D. La. 2007) ("The Stafford Act . . . contains no express and unequivocal language purporting to waive the United States' immunity from suit."). In particular, defendants explain that Section 305 of the Stafford Act, entitled "Nonliability of the Federal Government," states that the federal government "shall not be liable" for any claim based on a federal agency's or employee's "exercise or performance of or the failure to exercise or perform a discretionary function or duty." 42 U.S.C. § 5148. According to defendants, "Congress included this language to ensure that even if 'mistake[s]' were made in the administration of federal disaster relief, 'the Government may not be sued . . . there shall be no liability on the part of the Government.' " Mot. at 10 (quoting 96 Cong. Rec. 11895, 11912 (1950) (statement by chairman of House Public Works Committee)).

Accordingly, defendants argue that "because the Stafford Act contains no waiver of sovereign immunity for FEMA's discretionary functions, such discretionary functions as those alleged in the FAC regarding disaster assistance eligibility are barred from judicial review." Id. at 10. Defendants argue that FEMA's individual assistance eligibility and recoupment determinations are discretionary functions pursuant to the two-part Gaubert test: (1) whether the challenged conduct involves an "element of judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

or choice" and (2) whether the "judgment is of the kind that the discretionary function exception was designed to shield." Id. (citing United States v. Gaubert, 499 U.S. 315, 322–323 (1991)). Here, defendants contend that FEMA's distribution of emergency relief is discretionary, because eligibility determinations are not "tempered by a statute, regulation or policy which mandates a particular course of action." Id. at 11 (citing Gaubert, 499 U.S. at 322). Additionally, defendants cite to numerous cases recognizing that where FEMA's authority to make decisions implementing disaster assistance is described in permissive terms and involves policy choices, such decisions fall within the "discretionary function" of the Stafford Act's nonliability provision. Id. at 14–15 (citing City of San Bruno v. Fed. Emergency Mgmt. Agency, 181 F. Supp. 2d 1010, 1013 (N.D. Cal. 2001) ("[I]t is plain that under the Stafford Act decisions involving the allocation and deployment of limited governmental resources are the type of administrative judgment that the discretionary function exception was designed to immunize from suit.")).

    In opposition, plaintiff argues FEMA is not immune from suit and that the Administrative Procedure Act ("APA") provides jurisdiction in this case. Opp. at 2. Specifically, plaintiff cites to Section 706(2) which provides that a court may set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 702. Plaintiff contends that FEMA may be sued for failing to follow its own guidelines, citing to St. Bernard Par. Gov't v. United States, 887 F.3d 1354, 1368 (Fed. Cir. 2018).[2]

    In reply, defendants argues that the APA is inapplicable here, because the APA does not apply "to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Defendants contend that here the governing statute is the Stafford Act, which contains an express provision retaining sovereign immunity for discretionary acts under the act. The Federal Circuit's decision in St. Bernard is inapposite, defendants further argue, because that case involved an inverse condemnation constitutional claim. See generally 887 F.3d at 1368.

---

[2] Plaintiff, who is an attorney and proceeding *pro se*, lists cases without case citations or any identifying material other than a case name and a year. As defendants note, many of these cases do not appear on legal archives or research resources, so the Court is unable to consider them for the purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

The Court finds that it lacks subject matter jurisdiction over plaintiff's claims. First, there is no waiver of sovereign immunity "unequivocally expressed in the statutory text" of the Stafford Act. Lane v. Peña, 518 U.S. 187, 192 (1996). Instead, 42 U.S.C. § 5148, titled "Nonliability of Federal Government," provides that the "Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter."

Second, the Court concludes that FEMA's determination of housing assistance eligibility for plaintiff and subsequent recoupment are discretionary acts within the meaning of the two-part Gaubert test and therefore barred from judicial review pursuant 42 U.S.C. § 5148. The challenged conduct here, FEMA's provision and recoupment of housing assistance, "involves an element of judgment or choice" that is not "tempered by a statute, regulation or policy which mandates a particular course of action." Gaubert, 499 U.S. at 322. As a principle of statutory interpretation, "[t]he word 'may,' when used in a statute, usually implies some degree of discretion." United States v. Rodgers, 461 U.S. 677, 706 (1983). Here, as defendants note, the applicable Stafford Act statutory provisions and FEMA regulations contain the permissive "may" when referring to the president and FEMA's discretion to grant household assistance. See 42 U.S.C. § 5174(b)(1) ("The President *may* provide financial or other assistance under this section. . . .") (emphasis added); 44 C.F.R. § 206.113(a) ("FEMA *may* provide assistance to individuals and households who qualify. . . .") (emphasis added). Similarly, FEMA's ability to recoup distributed assistance likewise involves an element of judgment or choice: 44 C.F.R. § 206.116(b) provides that "[a]n applicant must return funds to FEMA . . . when FEMA . . . *determines* that the assistance was provided erroneously, that the applicant spent the funds inappropriately, or that the applicant obtained the assistance through fraudulent means." 44 C.F.R. § 206.116(b) (emphasis added).

Finally, FEMA's determination whether to grant or recoup housing assistance is the "kind [of judgment] that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322–23. As a court in the Northern District of California concluded with respect to a different category of discretionary emergency assistance, "it is plain that under the Stafford Act decisions involving the allocation and deployment of limited governmental resources are the type of administrative judgment that the discretionary

Case 2:22-cv-01088-CAS-JC   Document 39   Filed 04/06/23   Page 9 of 10   Page ID #:337

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

function exception was designed to immunize from suit." City of San Bruno v. Fed. Emergency Mgmt. Agency, 181 F. Supp. 2d at 1015 ("[T]he allocation of limited resources among victims of disaster is clearly a matter involving "policy judgment.""); see also St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 325 (5th Cir. 2009) ("Eligibility determinations, the distribution of limited funds, and other decisions regarding the funding of eligible projects are inherently discretionary and the exact types of policy decisions that are best left to the agencies without court interference."); Ornellas v. United States, 2 Cl. Ct. 378, 380 (1983) ("[T]he gratuitous nature of the emergency assistance payments [under the Stafford Act] supports nonreviewability.").

Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims.

### B.  Failure to State a Claim

Defendants also move to dismiss plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim. Because the Court has determined that it lacks jurisdiction over plaintiff's claims and must dismiss the case for the reasons set forth above, it declines to decide whether plaintiff's claims should be dismissed on this separate basis.

### C.  Leave to Amend

As described above, while generally a "court should 'freely give leave [to amend] when justice so requires,' " leave to amend is "properly denied" where "amendment would be futile." Carrico, 656 F.3d at 1008 (quoting Fed. R. Civ. P. 15(a)(2)). Amendment would be futile if the plaintiff cannot state a cognizable claim.

To the extent plaintiff seeks to bring statutory claims (e.g., under the APA or Stafford Act) challenging FEMA's discretionary conduct or the Treasury's administration of debt offset collection, any further amendment would be futile for the reasons set forth above. However, to the extent that plaintiff might attempt to bring claims for constitutional violations arising from FEMA's alleged conduct, he may do so. See, e.g., Rosas v. Brock, 826 F.2d 1004, 1008 (11th Cir. 1987) ("Congress had no such intention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:22-cv-01088-CAS-JCx | Date | April 6, 2023 |
|---|---|---|---|
| Title | JEFFRY P. SAMUELS v. FEDERAL EMERGENCY MANAGEMENT AGENCY & U.S. DEPARTMENT OF TREASURY | | |

[of preventing judicial review of unconstitutional agency action] when it enacted 42 U.S.C. § 5148").[3]

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's first amended complaint without prejudice. Plaintiff is hereby directed to file any second amended complaint no later than May 1, 2023.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[3] The Court notes with skepticism plaintiff's ability to bring a due process deprivation of property claim in relation to FEMA's recoupment of conditional emergency assistance. See Columbus Reg'l Hosp. v. United States, 990 F.3d 1330, 1349 (Fed. Cir. 2021) (affirming dismissal of constitutional "illegal exaction" claim on the basis that 44 C.F.R. § 206.116(b) reserved FEMA's rights to require an applicant to return funds if "FEMA determines the assistance was provided erroneously, that the applicant spent the funds inappropriately, or that the applicant obtained the assistance through fraudulent means"). Nonetheless, in light of the liberal guidelines to amend pleadings under the Federal Rules of Civil Procedure, such issues are "more appropriately raised in a motion to dismiss" rather than at this speculative juncture. SAES Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2003).